James J. Cunningham CA Bar # 128974
Law Offices of James J Cunningham
10405 San Diego Mission Rd, Ste 201,
San Diego, CA 92108-2174
Tel. (858) 693-8833
jimcunninghamlaw@gmail.com

William B. Aitchison (pro hac vice motion forthcoming)
Public Safety Labor Group
3021 NE Broadway Street
Portland, OR, 97232
Tel. (866) 486-5556
Will@PSLGlawyers.com

*Attorneys for Plaintiff(s)*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SCHROEDER on behalf of himself and other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VISTA,<br><br>Defendant. | Case No.: **'22CV1898 JO   AHG**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION - 29 U.S.C. § 216** |

**PRELIMINARY STATEMENT**

1.  Plaintiff(s) are or were employed by Defendant City of Vista ("Defendant" or "the City") and bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.* to recover unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, reasonable attorney fees, and other relief.

2.  This action arises from Defendant's failure to properly calculate the "regular rate" of pay used to calculate Plaintiff(s) overtime compensation under the FLSA and its failure to properly compensate employees for compensatory time off.

**JURISDICTION AND VENUE**

3.  Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1331 and 29 U.S.C. Section 216(b). This Court has subject matter jurisdiction pursuant to 29 U.S.C. Sections 207 et seq. Venue lies within this district pursuant to 28 U.S.C. Section 1391.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT - 1

## PARTIES

4. Plaintiff(s) are current and former employees of Defendant. Plaintiff(s) are or were "employees" within the meaning of 29 U.S.C. Section 203(e) and entitled to the rights, protections, and benefits of the FLSA.

5. Defendant is a political subdivision of the State of California. Defendant is an "employer" within the meaning of 29 U.S.C. Section 203(d), an "enterprise" under 29 U.S.C. Section 203(r), and a "public agency" within the meaning of 29 U.S.C. Section 203(x). Defendant employs or employed the Plaintiff(s).

## COLLECTIVE ACTION

6. Plaintiff(s) bring this action on behalf of themselves and other similarly situated individuals who are or were non-exempt employees in Defendant's Fire Department at any time during the three years preceding the filing of this action and were deprived of their complete statutorily required overtime compensation as described in this Complaint.

7. Pursuant to 29 U.S.C. Sections 216(b) and 256, the named Plaintiff(s) have executed and hereby file with the Court their consents in writing to become party Plaintiff(s) in this action (Exhibit A). If other similarly situated individuals join this action, their consents will be filed with the Court. The written consent forms identify each Plaintiff by name and reflect their intent to be a party to this lawsuit.

## FACTUAL ALLEGATIONS

8. Plaintiff(s) and all similarly situated individuals are or were non-exempt employees of Defendant during the three years preceding the filing of this action.

9. At all times relevant herein, Defendant required, suffered or permitted Plaintiff(s) to work overtime hours under 29 U.S.C. Section 207.

13. At all times relevant herein, Defendant required or suffered or permitted Plaintiff(s) to work overtime hours under 29 U.S.C. Section 207.

14. At all times relevant herein, Defendant improperly treated employees of its Fire Department who held the rank of battalion chief as exempt from overtime compensation under the FLSA. For that reason, Defendant failed to compensate Plaintiff(s) for all overtime hours worked at time and one-half their regular rates of pay.

### Liquidated Damages and Willfulness

15. Defendant's failure to properly compensate Plaintiff(s) for overtime hours worked was neither reasonable nor in good faith.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT - 2

16. Defendant's failure to properly compensate Plaintiff(s) and all similarly situated individuals for overtime hours worked was a willful violation of the FLSA.

## FIRST COUNT

**Violation of 29 U.S.C. Section 207(a)- The Failure to Compensate Plaintiffs For Overtime Hours Worked**

17. Plaintiff(s) incorporate by reference paragraphs 1 through 16, inclusive, as though set forth herein.

18. Defendant required, suffered or permitted Plaintiff(s) and all similarly situated individuals to work overtime, but failed to properly compensate Plaintiff(s) and similarly situated individuals at time and one-half the "regular rate" of pay.

19. Defendant's failure to compensate Plaintiff(s) and all similarly situated individuals as required by the FLSA was neither reasonable nor in good faith.

20. Defendant's failure to compensate Plaintiff(s) and all similarly situated individuals as required by the FLSA was a willful violation of the FLSA. Based on Defendant's willful violation of the FLSA, Plaintiff(s) and all similarly situated individuals are entitled to damages and liquidated damages as allowed by the FLSA for a period of three years immediately preceding the filing of this action.

21. The employment and work records for Plaintiff(s) and similarly situated individuals are in the exclusive possession, custody and control of the City, and Plaintiff(s) are unable to state at this time the exact amounts owing to them. The City is under a duty imposed by the FLSA, 29 U.S.C. Section 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) and all similarly situated individuals pray for judgment as follows:

1. Recovery of monetary damages in the form of unpaid overtime compensation, liquidated damages equal to the amount of unpaid overtime compensation, plus prejudgment and post-judgment interest;

2. A determination that Defendant willfully violated the FLSA thereby entitling Plaintiff(s) and all similarly situated individuals to recover monetary damages for a three-year period preceding the filing of this action;

3. A complete and accurate accounting of all compensation to which Plaintiff(s) and all similarly situated individuals are entitled;

4. For reasonable attorneys' fees pursuant to 29 U.S.C. Section 216(b);

5. For costs of suit incurred herein, and

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT - 3

6.     For such other and further relief as the Court deems just and proper.

Dated: December 1, 2022                    **LAW OFFICES OF JAMES J. CUNNINGHAM, APC**

_____
James J. Cunningham, Esq.

# EXHIBIT A

## CONSENT TO JOIN ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))
### LITIGATION ENTITLED:
### SCHROEDER, ET AL. v. CITY OF VISTA

I, __Jeffrey Schroeder__, of San Diego County, State of California, hereby consent to become a party to the litigation action entitled *Jeffrey Schroeder, et al. v. City of Vista* filed on December 1, 2022 in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of Vista Fire Department failed to properly compensate its employees for overtime hours worked and failed to make timely payments to its employees for overtime hours worked. I am, or was, employed by the City of Vista during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of Vista pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, APC and the Public Safety Labor Group, LLC as legal counsel to represent me for all purposes in this action.

_[signature]_
Signature

__Jeffrey Schroeder__
Printed Name

__schromoj@gmail.com__
Email Address

__11-12-22__
Date