UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SCHROEDER, on behalf of himself and other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VISTA,<br><br>Defendant. | Case No.:  3:22-cv-01898-JO-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE;** and<br><br>**(2) GRANTING JOINT MOTION TO WAIVE REQUIREMENT OF FULL SETTLEMENT AUTHORITY WITH RESPECT TO CITY OF VISTA**<br><br>**[ECF Nos. 10, 11]** |

Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently set for March 15, 2023 at 9:30 a.m. ECF No. 10. Separately, the parties filed a Joint Motion to Waive Requirement of Full Settlement Authority (ECF No. 11), requesting that the Court waive the requirement that Defendant or Defendant's representative have full settlement authority at the ENE. The Court will address each motion in turn.

### I.      Motion to Continue ENE

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 8 at 4 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

Here, the parties explain that Plaintiff's counsel is unavailable on the morning of March 15, but all counsel and parties are available to attend the ENE on the same day at 2:00 p.m. The Court finds that counsel's pre-existing scheduling conflict in another case constitutes good cause to **GRANT** the Joint Motion to continue the ENE. The ENE and CMC are hereby **CONTINUED** to the same day, **March 15, 2023** at **2:00 p.m.** before Magistrate Judge Allison H. Goddard.

All dates, deadlines,[1] and requirements set forth in the Court's previous Order setting

---

[1] As a reminder, the parties' deadline to meet and confer pursuant to Fed. R. Civ. P. 26(f) is **February 22, 2023**, and the deadline for initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) is **March 8, 2023**. The parties must file their Joint Case Management Statement by **March 6, 2023**. the parties' confidential ENE statements and each side's participant information are due to be lodged with the Court via email at efile_Goddard@casd.uscourts.gov by **March 8, 2023**. Participant information must include (1) the name and title of each expected participant, including all parties or party representatives with full settlement authority; (2) an email address for each participant; and (3) the cell phone number for an attorney point of contact for each side, which will be used

the ENE and CMC (ECF No. 8)—including requirements regarding professional dress and comportment—remain in place, except to the extent the Court modifies the requirement of full settlement authority below. The parties should also review the Court's previous order for technical guidance regarding the use of Zoom, if needed.

## II. Motion to Waive Requirement of Full Settlement Authority

In the second Joint Motion, the parties request that the Court waive its requirement that a party or party representative with full and complete authority to enter into a binding settlement agreement be present at the ENE. ECF No. 11. In support, Defendant City of Vista explains that the city is governed by a City Charter, which vests ultimate authority in the City Council. Pursuant to the City of Vista's Municipal Code, the City Council may delegate settlement authority, but the authority cannot exceed $50,000. *Id.* at 2. Thus, the City cannot delegate full settlement authority on one person and would require all five City Council members to be present at the ENE. *Id.* The City of Vista further explains that attendance of all five City Council members may in turn violate the Brown Act, which requires meetings to be open and public or noticed as a closed session, and which may require any discussions with the judge to occur in open session. *Id.* (citing Cal. Gov't Code § 54956.9 and *Page v. MiraCosta Cmty. Coll. Dist.*, 180 Cal.App.4th 471, 502-04 (2009)).

The Local Rules mandate the appearance of counsel and all parties or party representatives with complete settlement authority at the ENE. CivLR 16.1(c)(1). For that reason, the Court ordinarily requires the appearance of the primary attorney(s) responsible for the litigation and parties or party representatives with full and complete authority to enter into a binding settlement at the ENE. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to

---

by Judge Goddard to send text messages during the settlement conference to alert counsel before entering a party's breakout room.

change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

    However, the Court recognizes that government entities such as the City of Vista typically have procedures in place requiring settlement approval by the City Council. Thus, in cases where a government entity is a named defendant, it is often impossible for the entity to comply with the requirement that a party representative with full and complete authority to enter into a binding settlement be present at the ENE. Here, the City of Vista notes that Beverly Roxas of the City Attorney's Office and the City's lead trial counsel, Danny Yoo of Liebert Cassidy Whitmore, will be present at the ENE and can agree to recommend to the City Council that it enter into a settlement agreement. ECF No. 11 at 4.

    Upon due consideration, the Court will therefore **GRANT** the parties' Joint Motion and relax this requirement for the City of Vista in this case by permitting the attendance of a representative or representatives who have the authority to negotiate settlement and to *recommend* approval of a tentative settlement agreement to the City Council for the City of Vista, even if they lack authority to enter into a binding settlement agreement directly. **The primary attorneys responsible for the litigation are still required to appear**, as is Plaintiff.

    **IT IS SO ORDERED.**

Dated:  February 22, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge