UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SCHROEDER, on behalf of himself and other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VISTA,<br><br>Defendant. | Case No.: 3:22-cv-01898-JO-AHG<br><br>**ORDER GRANTING JOINT MOTION TO VACATE MANDATORY SETTLEMENT CONFERENCE AND PRETRIAL CONFERENCE DATES**<br><br>[ECF No. 31] |

Before the Court is the parties' Joint Motion to Stay Mandatory Settlement Conference and Pretrial Conference Dates, and Set Case Management Conference; or in the Alternative, Continue Dates by Sixty Days. ECF No. 31.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties explain that the hearing date for Defendant's Motion for Summary Judgment ("MSJ") is January 17, 2024, and they do not believe that settlement discussions will be productive until after the Court has ruled on the summary judgment motion. ECF No. 31 at 4. Additionally, Defendant is unable to prepare a settlement counter-offer by the current deadline of January 8, 2024, because any such offer would need to be prepared with the assistance of the City Council, which meets twice a month and has already had its final meeting for December. *Id.* The parties state that they require additional time to effectively engage in pretrial procedures after the Court's decision on the Motion for Summary Judgment. *Id.* Therefore, they request that the Court vacate all remaining deadlines in the case schedule (other than the briefing schedule for the MSJ) and set a further Case Management Conference to reset those deadlines after the Court has ruled on the motion, assuming the ruling does not dispose of the case. *Id.* In the alternative, if the Court is disinclined to vacate all remaining dates, the parties request a 60-day continuance of the

dates to allow them more time to prepare for the Mandatory Settlement Conference and the Pretrial Conference after the Court rules on the MSJ.

Good cause appearing, and upon consultation with the presiding District Judge in this matter, the Joint Motion is **GRANTED**. The Mandatory Settlement Conference currently set for January 19, 2024 and all related deadlines are hereby **VACATED**. All other pretrial dates and deadlines, including the Final Pretrial Conference set for March 13, 2024, are also **VACATED**.

The parties must contact the chambers of Magistrate Judge Allison H. Goddard **within three (3) days** of the ruling on Defendant's MSJ to arrange a further Case Management Conference to reset the dates in the case schedule as necessary.

**IT IS SO ORDERED.**

Dated: December 26, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge